UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREEA K.,

                            Plaintiff,

             v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
  Social Security,

                           Defendant.

_____

**DECISION
and
ORDER**

**20-CV-1094F**
(**consent**)

APPEARANCES:           LAW OFFICES OF KENNETH R. HILLER, PLLC
                                   Attorneys for Plaintiff
                                   KENNETH R. HILLER, and
                                   MELISSA MARIE KUBIAK, of Counsel
                                   6000 North Bailey Avenue, Suite 1A
                                   Amherst, New York  14226

                                   TRINI E. ROSS
                                   UNITED STATES ATTORNEY
                                   Attorney for Defendant
                                   Federal Centre
                                   138 Delaware Avenue
                                   Buffalo, New York  14202
                                         and
                                   DANIELLA M. CALENZO and
                                   CATHARINE LOUISE ZURBRUGG
                                   Special Assistant United States Attorneys, of Counsel
                                   Social Security Administration
                                   Office of General Counsel
                                   26 Federal Plaza
                                   Room 3904
                                   New York, New York  12078

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 18).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 30, 2021 (Dkt. 15), and by Defendant on January 5, 2022 (Dkt. 16).

## BACKGROUND

Plaintiff Andreea K. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA") on December 28, 2016, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on April 1, 2011, based on herniated discs in her back and neck, right knee injury, nerve damage in right arm, anxiety, depression, mood disorder, and ADHD.  AR[2] at 158, 162.  Plaintiff's application initially was denied on April 11, 2017, AR at 64-85, and at Plaintiff's timely request, AR at 85-86, on November 29, 2018, an administrative hearing was held via video teleconference before Administrative Law Judge ("ALJ") Theodore Kim ("the ALJ"), located in Falls Church, Virginia, AR at 36-63 ("administrative hearing").  Appearing and testifying at the hearing in Buffalo, New York were Plaintiff, then represented by Jeanne Murray, Esq., with vocational expert Corinna M. Davies ("the VE") also appearing and testifying at the administrative hearing.

---

[2] References to "AR" are to the pages of the Administrative Record electronically filed by Defendant on February 26, 2021 (Dkt. 14).

On April 25, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 12-35 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 137-40.  On June 19, 2020, the Appeals Council adopted the ALJ's Decision that Plaintiff was not disabled through the date of the ALJ's Decision, AR at 1-6, thus rendering the ALJ's Decision the Commissioner's final decision.  On August 17, 2020, Plaintiff commenced the instant action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On June 30, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 15) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15-1) ("Plaintiff's Memorandum").  On November 29, 2021, Defendant moved for judgment on the pleadings (Dkt. 16) ("Defendant's Motion"), attaching the Memorandum of Law in Support of the Commissioner's Cross-Motion for Judgment on the Pleadings (Dkt. 16-1) ("Defendant's Memorandum").  Filed on January 5, 2022, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 17) ("Plaintiff's Reply"), advising "Plaintiff deems no reply necessary and relies on the original arguments and authority contained in her primary brief."  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## **FACTS**[3]

Plaintiff Andreea K. ("Plaintiff"), born June 1,1979, was 31 years old as of her alleged disability onset date ("DOD") of April 11, 2011, AR at 158, 162, 193, and 39

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

years old as of April 25, 2019, the date of the ALJ's decision.  AR at 31.  Plaintiff lives in

a house with her husband, AR at 172, and has seven minor children, all of whom were

removed from Plaintiff's care because of Plaintiff's prior methamphetamine abuse.  AR

at 285, 303.

Plaintiff attended school in special education classes, but dropped out in the

tenth grade.  AR at 163, 284.  Plaintiff has not completed any specialized job training or

vocational school, and never obtained her graduate equivalency degree ("GED").  AR at

163.  Plaintiff has a driver's license and is able to drive.  AR at 175.  Plaintiff's work

history includes working on a farm as a crop duster flagger (directing crop dusting

planes) and as a cashier at a gas station, store, and restaurant.  AR at 163.

It is undisputed that Plaintiff suffers from physical impairments, including cervical

spine degenerative disc disease and disc herniation, as well as mental health

impairments including major depressive disorder, agoraphobia with panic attacks and

anxiety.  Plaintiff lived in Arizona from at least 1992, but returned to the Buffalo area in

2016.  AR at 163, 284.  It was while living in Arizona that Plaintiff was diagnosed with

depression and anxiety for which Plaintiff received treatment until she relocated to

Buffalo.  AR at 284.  Plaintiff attributes her depression to the removal of her seven minor

children from her care because of Plaintiff's methamphetamine abuse.  *Id*. at 285.

Plaintiff did not resume care for her mental health impairments upon relocating to

Buffalo.  AR at 284.

On February 23, 2017, Plaintiff, in connection with her disability benefits

application, underwent a psychiatric evaluation by consultative psychologist Janine

Ippolito, Psy.D. ("Dr. Ippolito"), AR at 284-89, and an internal medical examination by

Samuel Balderman, M.D. ("Dr. Balderman"), AR at 290-93.  On March 8, 2017, state

agency review consultant psychologist A. Chapman, Psy.D. ("Dr. Chapman"), reviewed

Dr. Ippolito's report and opined Plaintiff's ability to deal with coworkers and the public

would be "somewhat reduced, but adequate to handle brief and superficial contact," and

that Plaintiff's ability to tolerate and appropriately respond to supervision was reduced.

AR at 64-78, 303.


## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when she is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by

substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were

based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need

not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 28, 2016, the disability benefits application date,[5] AR at 17, and suffers from the severe impairments of cervical spine degenerative disc disease with spondylosis, disc herniation, and radiculopathy, osteopenia (precursor to osteoporosis), major depressive disorder, agoraphobia with panic attacks, anxiety, and obesity, *id*. at 18, but that other conditions alleged by Plaintiff are not severe impairments, including tobacco use disorder, hypertension, headaches, difficulty sleeping, mild bilateral carpal tunnel syndrome, and pain in her right knee, *id*. at 18-19, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 19-22.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that after 30 minutes of sitting or standing, Plaintiff must be allowed to alternate standing or sitting for up to five minutes while remaining on task, frequently, as opposed to constantly, operate hand controls, push, pull, reach, handle, finger, and feel with both upper extremities, occasionally push or pull or operate foot controls with both lower extremities, occasionally kneel, crouch, stoop, balance, and crawl, occasionally climb stairs and ramps, never climb ladders, ropes, or scaffolds, never be exposed to unprotected heights and moving mechanical

---

[5] For unexplained reasons, the ALJ refers to Plaintiff's disability benefits application date as November 22, 2016.  AR at 17.

parts, can tolerate occasional exposure to extreme cold, wetness, and vibration, never be exposed to strobe lights, flashing lights, or bright lights such as found on a theatre stage, requires a moderate noise environment, is able to understand, carry out and remember simple instructions, make simple work related decisions, and can occasionally deal with changes in a routine work setting.  AR at 22-30.  The ALJ further found Plaintiff has no past relevant work ("PRW"), AR at 30, and that given Plaintiff's RFC, age, limited education, ability to communicate in English, with transferability of skills not relevant based on the lack of any PRW, Plaintiff was able to perform other work existing in the national economy in significant numbers including as an office helper, night cleaner, and recreation aide.  AR at 30-31.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act since the date of Plaintiff's disability benefits application through the date of the ALJ's Decision.  *Id*. at 31.

Plaintiff's challenges to the ALJ's findings are limited to the ALJ's failure to explain why portions of Dr. Ippolito's medical opinion were rejected, and the ALJ's failure to develop the record by obtaining Plaintiff's counseling and psychiatric treatment records from Arizona, arguing the failures resulted in the ALJ relying on his own lay interpretation of Plaintiff's mental health impairment and its effect on Plaintiff's ability to perform work related activities.  Plaintiff's Memorandum at 12-19.  In opposition, Defendant argues the ALJ's mental health RFC finding is supported by substantial evidence, Defendant's Memorandum at 6-19, and that the ALJ has no duty to obtain medical records that do not pertain to the relevant period "with only speculative relevance."  *Id*. at 19-23.  A review of the record establishes the ALJ erred by failing to assist Plaintiff with obtaining Plaintiff's counseling and psychiatric treatment records,

such that the ALJ's opinion with regard to Plaintiff's mental health impairment is not supported by substantial evidence in the record, requiring remand for further proceedings.

In particular, in assessing Plaintiff's mental RFC, the ALJ relied only on the opinions of Dr. Ippolito and Dr. Chapman, both of whom found Plaintiff with moderate limitations in adequately interacting with supervisors, coworkers, and the public, as well as in regulating her emotions, controlling her behavior, and maintaining her well-being and appropriate attire.  AR at 287-88 (Dr. Ippolito), 303 (Dr. Chapman).  The ALJ, however, found Plaintiff with only mild restrictions in these areas and, accordingly, failed to include in the formulation of Plaintiff's mental RFC and restrictions consistent with the moderate limitations found by Drs. Ippolito and Chapman.  Accordingly, these findings by the ALJ are without evidentiary support in the record.

Nor did the ALJ make any attempt to obtain Plaintiff's mental counseling and psychiatric treatment records from her mental health provider in Arizona, despite being aware that such records existed and that Plaintiff's attorney was having difficulty obtaining them.  *See*, *e.g.*, AR at 216-20 (letters dated November 12, December 17 and 31, 2018 and January 17, 2019 from Jeanne Murray, Esq. to the ALJ advising of medical records requested by Plaintiff's attorney that had yet to be received, including, as relevant, from Counseling and Wellness Center in Marana, Arizona).  "Because a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."  *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999).  "[T]he ALJ must affirmatively develop the administrative record, given "the essentially non-adversarial nature of a benefits proceeding," *Echevarria v.*

*Secretary of HHS,* 685 F.2d 751, 755 (2d Cir.1992), even when, as here, the claimant is represented by counsel. *Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996).

The Social Security Administration's regulations require that the ALJ develop the claimant's complete medical history and "make every reasonable effort" to assist the claimant in obtaining medical records.  *See* 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1). In particular, the plaintiff's "[c]omplete medical history means the records of [the plaintiff's] medical source(s) covering at least the 12 months preceding the month in which [the plaintiff] file[s] [the disability benefits] application."  20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii).  If the record is inadequate, the ALJ first will contact the claimant's treating source to obtain the information, or if the information is not readily available from the treating source, the ALJ may ask the claimant to attend a consultative examination at the Social Security Administration's expense. 20 C.F.R. § 416.912(d)(1), (2); 416.912(e).

Significantly, Defendant's argument that the mental health records are not relevant to the time period at issue which began 12 months prior to filing her disability benefits application on November 22, 2016, observing Plaintiff indicated on the application she last received treatment for her mental health impairment in 2014, Defendant's Memorandum at 19-20 (citing AR at 165-68), is belied from the limited medical records from Marana Main Health, the medical facility where Plaintiff was a patient from November 11, 2008 to January 14, 2014.  AR at 392-412.  These limited records indicate they were prepared on November 7, 2018, and show Plaintiff consistently was treated for, *inter alia*, severe depression and anxiety for which Plaintiff was prescribed Paxil (anti-depressant and anti-anxiety).  AR at 393-94.  Accordingly,

nothing in the record suggests Plaintiff ceased suffering from depression and anxiety when she relocated to Buffalo such that the ALJ's assertion the records are not relevant to the time period pertaining to Plaintiff's disability benefits application is without merit. This is consistent with Dr. Ippolito's February 23, 2017 psychiatric evaluation of Plaintiff based on which Dr. Ippolito diagnosed Plaintiff with "major depressive disorder, recurrent, severe, with possible psychotic features," and agoraphobia with panic attacks, with Dr. Ippolito recommending that Plaintiff "resume individual psychological therapy and have a psychiatric evaluation for medication management.  She would also benefit from a referral for vocational training and rehabilitation," AR at 288, estimating the "expected duration of impairment and time frame" for the suggested therapy at "six months to one year."  AR at 288.  Further, Dr. Ippolito's prognosis was "fair, but would likely improve with follow up for mental health treatment."  *Id*.  The ALJ, however, accorded Dr. Ippolito's opinion only "limited weight" because it was not supported by any objective medical evidence yet, as discussed above, Discussion, *supra*, at 10-11, Plaintiff's complete mental health records were never obtained from Arizona.  In short, Dr. Ippolito's opinion does not support the ALJ's RFC determination and, without Plaintiff's mental health records, there is a gap in the record that must be bridged by obtaining the missing mental health records from Arizona which may contain a psychiatric evaluation relative to a more accurate determination of Plaintiff's mental RFC, or, if such records are not available, the ALJ should either attempt to obtain a medical opinion from Plaintiff's treating mental health source in Arizona, *see Roscoe v. Berryhill*, 2018 WL 4519880, at *8 (W.D.N.Y. Sept. 21, 2018) (remanding for the ALJ to consider the entirety of the Plaintiff's mental health treatment records as well as whether

additional information, such as a medical opinion from the plaintiff's then-treating mental health counselor or an independent medical source who has reviewed the plaintiff's mental health records would be helpful, to the mental RFC assessment (citing cases)), or for a further psychiatric evaluation to more accurately determine Plaintiff's mental RFC during the relevant period.  See *Haymond v. Colvin*, 2014 WL 2048172, at *8 (W.D.N.Y. May 19, 2014) ("Because the record contains no assessment from an examining provider, much less a treating source, quantifying Plaintiff's mental limitations, the Court finds that the record was not sufficiently complete for the ALJ to render an accurate [mental] RFC.").

Accordingly, judgment on the pleadings should be GRANTED as to Plaintiff and DENIED as to Defendant.


## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 15) is GRANTED; Defendant's Motion (Dkt. 16) is DENIED.  The matter is REMANDED to the Commissioner for further proceedings consistent with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 16th, 2022
            Buffalo, New York